## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AIRSPAN NETWORKS HOLDINGS INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-10621 (TMH)<br><br>(Jointly Administered) |

### NOTICE OF ASSUMPTION OF EXECUTORY CONTRACTS
### AND UNEXPIRED LEASES OF DEBTORS AND RELATED PROCEDURES

      On March 31, 2024, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the proposed *Joint Prepackaged Chapter 11 Plan of Reorganization of Airspan Networks Holdings Inc. and its Debtor Affiliates* [Docket No. 4] (as it may be amended, modified, or supplemented from time to time, the "Plan").[2]

      In the event of a Reorganization Transaction, on the Effective Date, except as otherwise provided in Plan, all Executory Contracts or Unexpired Leases not otherwise assumed or rejected will be deemed assumed by the applicable Reorganized Debtor in accordance with the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code, other than those that are: (a) identified on the Rejected Executory Contracts and Unexpired Leases Schedule; (b) previously expired or terminated pursuant to their own terms; (c) have been previously assumed or rejected by the Debtors pursuant to a Final Order; (d) are the subject of a motion to reject that is pending on the Effective Date; or (e) have an ordered or requested effective date of rejection that is after the Effective Date.

      Entry of the Confirmation Order, as applicable, shall constitute an order of the Bankruptcy Court approving the assumptions or assumptions and assignments as set forth in the Plan, pursuant to sections 365(a) and 1123 of the Bankruptcy Code. Except as otherwise specifically set forth herein, assumptions Executory Contracts and Unexpired Leases pursuant to the Plan are effective as of the Effective Date. Each Executory Contract or Unexpired Lease assumed pursuant to the Plan or by Bankruptcy Court order but not assigned to a third party before the Effective Date shall re-vest in and be fully enforceable by the applicable contracting Reorganized Debtor or Non-Debtor Subsidiary party thereto or Post-Effective Date Debtor in accordance with its terms, except as such terms may have been modified by the provisions of the Plan or any order of the Bankruptcy Court authorizing and providing for its assumption. No Affiliate of a Debtor that is party to such agreement may terminate such agreement or exercise any other default-related rights with respect

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Airspan Networks Holdings Inc. (2786); Airspan Networks Inc. (0097); Airspan IP Holdco LLC (9270); and Airspan Networks (SG) Inc. (2232). The location of the Debtors' service address is: 777 Yamato Road, Suite 310, Boca Raton, FL 33431.

[2] Capitalized terms used but otherwise undefined herein have the meanings ascribed to them in the Plan.

thereto. Any motions to assume Executory Contracts or Unexpired Leases pending on the Effective Date shall be subject to approval by a Final Order on or after the Effective Date but may be withdrawn, settled, or otherwise prosecuted by the Reorganized Debtors or Post-Effective Date Debtors, as applicable.

To the maximum extent permitted by Law, to the extent any provision in any Executory Contract or Unexpired Lease assumed or assumed and assigned pursuant to the Plan restricts or prevents, or purports to restrict or prevent, or is breached or deemed breached by, the assumption or assumption and assignment of such Executory Contract or Unexpired Lease (including any "change of control" provision), then such provision shall be deemed modified such that the transactions contemplated by the Plan shall not entitle the non-Debtor party thereto to terminate such Executory Contract or Unexpired Lease or to exercise any other default-related rights with respect thereto. Notwithstanding anything to the contrary in the Plan, the Debtors, the Reorganized Debtors, or the Post-Effective Date Debtors, as applicable, reserve the right to alter, amend, modify, or supplement (the extent included in the Plan Supplement), the Assumed Executory Contracts and Unexpired Leases Schedule and the Rejected Executory Contracts and/or Unexpired Leases Schedule at any time up to forty-five (45) days after the Effective Date, so long as such allocation, amendment, modification, or supplement is consistent with the Restructuring Support Agreement. To the extent the Debtors, the Reorganized Debtors, or the Post-Effective Date Debtors, as applicable, seek to alter, amend, modify, or supplement the Rejected Executory Contracts and Unexpired Leases Schedule to add Executory Contracts or Unexpired Leases not previously included in such schedule, the Debtors, the Reorganized Debtors, or the Post-Effective Date Debtors, as applicable, shall serve notice of such alteration, amendment, modification, or supplement to any affected counter-parties which notice shall advise of the effective date of the rejection of subject Executory Contracts or Unexpired Leases.

## Cure Amounts/Objections

Any monetary amounts by which any Executory Contract or Unexpired Lease to be assumed under the Plan is in default (a "Cure Amount") shall be satisfied, under section 365(b)(1) of the Bankruptcy Code, by the Debtors and Reorganized Debtors, or Post-Effective Date Debtors, as applicable, upon assumption thereof. To the extent you believe you are a party to an Executory Contract or Unexpired Lease with one or more of the Debtors, and if you believe that any Cure Amounts are due by the Debtors in connection with the assumption of such Executory Contract or Unexpired Lease, you should assert such Cure Amounts against the Debtors in the ordinary course of business. Notwithstanding the foregoing and anything else contained in this notice, your receipt of this notice does not reflect a determination by the Debtors or the Court that you are a party to an Executory Contract or Unexpired Lease for purposes of this notice or the Plan.

If you wish to object to the assumption of an Executory Contract or Unexpired Lease on any basis, you must file with the Bankruptcy Court a written objection (an "Objection") that complies with the Bankruptcy Rules and sets forth (i) the basis for such objection and specific grounds therefor and (ii) the name and contact information of the person authorized to resolve such objection no later than **May 3, 2024, at 5:00 p.m. (prevailing Central Time)** (the "Objection Deadline") or such other date agreed to by the Debtors. **The Debtors will attempt to resolve any potential Objections consensually, and a hearing on any Objections shall only be scheduled to the extent any issues remain unresolved by the parties.**

**The Debtors request that, prior to filing an Objection (and, in any event, prior to the Objection Deadline), you contact the Debtors to attempt to resolve any dispute consensually**. The Debtors may be contacted through their proposed counsel:

**Dorsey & Whitney LLP**
Attn:
Eric Lopez Schnabel (schnabel.eric@dorsey.com)
Alessandra Glorioso (glorioso.alessandra@dorsey.com)
Samuel S. Kohn (kohn.sam@dorsey.com)
Rachel P. Stoian (stoian.rachel@dorsey.com)
Michael Galen (galen.michael@dorsey.com)

If, after the Effective Date, the Debtors modify the Rejected Executory Contracts and Unexpired Leases Schedule to remove an Executory Contract or Unexpired Lease to which you are a counterparty, such that such Executory Contract or Unexpired Lease will be assumed by the applicable Debtor, the Objection Deadline for filing an Objection to the assumption of such Executory Contract or Unexpired Lease shall be 30 days after the modification, or at such other date ordered by the Bankruptcy Court.

Any counterparty to an Executory Contract or Unexpired Lease that fails to object timely to the proposed assumption or Cure amount (including any request for an additional or different cure amount) will be deemed to have assented to such assumption or Cure amount and any untimely request for an additional or different Cure amount shall be disallowed and forever barred, estopped, and enjoined from assertion, and shall not be enforceable against any Reorganized Debtor or Post-Effective Date Debtor, without the need for any objection by the applicable Reorganized Debtors or any other party in interest or any further notice to or action, order, or approval of the Bankruptcy Court.

The Debtors, the Reorganized Debtors, or the Post-Effective Date Debtors, as applicable, shall pay the Cure amounts, if any, on the Effective Date or as soon as reasonably practicable thereafter, in the ordinary course of business, or on such other terms as the parties to such Executory Contracts or Unexpired Leases may agree; provided that if a dispute regarding assumption or Cure is unresolved as of the Effective Date, then payment of the applicable Cure amount shall occur as soon as reasonably practicable after such dispute is resolved. Any Cure shall be deemed fully satisfied, released, and discharged upon payment of the Cure.

The assumption of any Executory Contract or Unexpired Lease pursuant to the Plan shall result in the full release and satisfaction of any nonmonetary defaults arising from or triggered by the filing of these Chapter 11 Cases, including defaults of provisions restricting the change in control or ownership interest composition or any bankruptcy-related defaults, arising at any time prior to the effective date of assumption. **Any and all Proofs of Claim based upon Executory Contracts or Unexpired Leases that have been assumed in the Chapter 11 Cases, including pursuant to the Confirmation Order, shall be deemed disallowed and expunged as of the later of (1) the date of entry of an order of the Bankruptcy Court (including the Confirmation Order) approving such assumption, (2) the effective date of such assumption, or (3) the Effective Date without the need for any objection thereto or any further notice to or action, order, or approval of the Bankruptcy Court.**

Copies of the Plan and other documents filed in these Chapter 11 Cases may be obtained free of charge by visiting the website maintained by the Debtors' claims, noticing and solicitation agent, Epiq Corporate Restructuring LLC, at https://dm.epiq11.com/case/airspan/info or for a fee via PACER at https://ecf.deb.uscourts.gov.

**UNLESS AN OBJECTION IS TIMELY FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.**

April 19, 2024
Wilmington, Delaware

**DORSEY & WHITNEY (DELAWARE) LLP**

*/s/ Eric Lopez Schnabel*
Eric Lopez Schnabel (DE Bar No. 3672)
Alessandra Glorioso (DE Bar No. 5757)
300 Delaware Avenue, Suite 1010
Wilmington, Delaware 19801
Telephone:    (302) 425-7171
Email:  schnabel.eric@dorsey.com
            glorioso.alessandra@dorsey.com

-and-

**DORSEY & WHITNEY LLP**

Eric Lopez Schnabel
Alessandra Glorioso
Samuel S. Kohn (*pro hac vice*)
Michael Galen (*pro hac vice*)
Rachel P. Stoian (*pro hac vice*)
51 West 52nd Street
New York, NY 10019
Telephone:    (212) 415-9200
Email:  schnabel.eric@dorsey.com
            glorioso.alessandra@dorsey.com
            kohn.sam@dorsey.com
            galen.michael@dorsey.com
            stoian.rachel@dorsey.com

*Proposed Counsel for the Debtors and Debtors in Possession*