DocuSign Envelope ID: 44F727BA-6D52-4E41-893F-7D7331BC4A90

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AIRSPAN NETWORKS HOLDINGS INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-10621(TMH)<br><br>(Jointly Administered) |

**DECLARATION OF CHRISTOPHER RILEY IN SUPPORT OF THE DEBTORS' APPLICATION TO EMPLOY AND RETAIN DORSEY & WHITNEY LLP AND DORSEY & WHITNEY (DELAWARE) LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION**

I, Christopher Riley, General Counsel of Airspan Networks Inc., declare pursuant to 28 U.S.C. § 1746 under penalty of perjury that:

1. I am over the age of 18 years, I am competent to make this declaration, and I have personal knowledge of the facts stated herein.

2. I am the General Counsel of Airspan Networks Inc., located at 777 Yamato Road, Suite 310, Boca Raton, FL 33431.

3. I submit this declaration (the "Declaration") in support of the *Debtors' Application to Employ and Retain Dorsey & Whitney LLP and Dorsey & Whitney (Delaware) LLP as Attorneys for the Debtors and Debtors in Possession* [Docket No. 81] (the "Application").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Airspan Networks Holdings Inc. (2786); Airspan Networks Inc. (0097); Airspan IP Holdco LLC (9270); and Airspan Networks (SG) Inc. (2232). The location of the Debtors' service address is: 777 Yamato Road, Suite 310, Boca Raton, FL 33431.

1

4895-0110-2009\3

## The Debtors' Selection of Counsel

4. The Debtors recognize that a comprehensive process is necessary when selecting and managing chapter 11 counsel to ensure that bankruptcy professionals are subject to the same client-driven market forces, scrutiny, and accountability as professionals in non-bankruptcy engagements.

5. The process utilized by the Debtors to assess potential counsel based on their expertise with the relevant legal issues, similar proceedings, and their level of knowledge of the Debtors' business operations. Prior to Dorsey's engagement as restructuring counsel, Dorsey has historically served as the Debtors' counsel in various financing transactions and corporate matters. Accordingly, through such representation Dorsey has become extremely familiar with the Debtors' business operations. Due to the complexity of the Debtors' prepetition capital structure, organizational structure, and international subsidiaries, Dorsey's extensive experience with the Debtors' pre-petition and working knowledge of the Debtors' operations allowed the Debtors to immediately begin the restructuring process without requiring the significant time and cost required to bring a new firm up to speed. This provided an immeasurable benefit to both the Debtors and their estates. In contrast, retaining a new firm to manage and lead the restructuring process would require that firm to spend significant time and effort to obtain a commensurate amount of knowledge, all at considerable expense. Based on all of these factors, the Debtors determined it was unnecessary to interview additional firms.

6. Ultimately, the Debtors retained Dorsey because of its experience in corporate reorganizations, both out-of-court and under chapter 11 of the Bankruptcy Code, as well as its familiarity and understanding of the Debtors' business operations, debt structure, capital needs, and business objectives. Dorsey is familiar with many of the potential legal issues that may arise in the context of these chapter 11 cases and has been involved in discussions and negotiations

DocuSign Envelope ID: 44F727BA-6D52-4E41-893F-7D7331BC4A90

with various contract parties, creditors, and other interested parties throughout its representation of the Debtors, both prepetition and postpetition. I believe that Dorsey is both well qualified and uniquely able to represent the Debtors in these chapter 11 cases in an efficient and timely manner.

### Rate Structure

7. In my capacity as General Counsel, I am responsible for supervising outside counsel retained by the Debtors in the ordinary course of business. In so doing, I have become familiar with the fees and particular billing rates of various law firms, including Dorsey. I have inquired and Dorsey has informed the Debtors that its rates for bankruptcy representations are comparable to the rates Dorsey charges for non-bankruptcy representations. My own experience and review of their legal invoices is consistent with that representation. As discussed below, I am also responsible for reviewing the statements regularly submitted by Dorsey, and have confirmed that the rates Dorsey charged the Debtors in the prepetition period for non-bankruptcy representations are the same as the rates Dorsey will charge the Debtors in the postpetition period. The Debtors requested and discussed a discount on Dorsey's rates. However, Dorsey informed the Debtors that it does not typically reduce or discount rates for bankruptcy representations and that as a practice, Dorsey typically charges consistent rates for bankruptcy and non-bankruptcy matters by its restructuring practice group members. Finally, Dorsey has also confirmed with the Debtors that the rates Dorsey will charge in the postpetition period are consistent with Dorsey's rates for other bankruptcy representations.

### Cost Supervision

8. In connection with securing the pre and postpetition financing, the Debtors created a budget for the estate professionals in these chapter 11 cases, recognizing that there may be unforeseen fees and expenses that will need to be addressed by the Debtors and Dorsey. That

budget was approved by the Court in connection with its approval of the DIP financing. The Debtors further recognize that it is their responsibility to monitor closely the billing practices of their counsel and other professionals to ensure the fees and expenses paid by the estates remain consistent with the Debtors' expectations and exigencies of the chapter 11 cases. The Debtors will continue to review the statements that Dorsey regularly submits upon receipt and ensure that the fees and expenses are reasonable and remain consistent with the budget as was the Debtors' practice with regard to prepetition, non-bankruptcy representations.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on May 10, 2024.

/s/ Christopher Riley
Christopher Riley
Title: General Counsel of Airspan Networks Inc.

4895-0110-2009\3